THE PEOPLE OF THE STATE OF NEW YORK EX REL. THE VILLAGE OF FULTON, RESPONDENT, *v.* THE BOARD OF SUPERVISORS OF THE COUNTY OF OSWEGO, APPELLANT.

*An alternative writ of* mandamus *may be served after twelve o'clock, noon, on a legal half-holiday — the writ may be granted at an adjourned Special Term — it cannot be quashed or set aside, upon motion, for matters involving the merits — Code of Civil Procedure, sec. 2075.*

Upon an appeal from an order denying the appellant's motion to vacate and set aside an alternative writ of *mandamus*, issued upon an order made at an adjourned Special Term of the Supreme Court, held in the county of Oswego, it appeared that one of the grounds upon which the motion was based was that the papers were served after twelve o'clock, noon, on a legal half-holiday.

*Held*, that the service was valid.

*People* v. *Kearney* (47 Hun, 129); *Nichols* v. *Kelsey* (13 Civ. Pro. R. 154); *Fries* v. *Coar* (Id., 152) followed.

That, as an alternative writ of *mandamus* may be granted with or without notice as the court thinks proper, the order directing the issue of the writ in this case could be properly granted at an adjourned Special Term.

That the questions as to whether the *mandamus* was a proper remedy, and whether the relator had another legal remedy, involved the merits of the action, and could not, under the provisions of section 2075 of the Code of Civil Procedure, be considered upon a motion to quash or set aside an alternative writ of *mandamus*.

APPEAL from an order entered on February 14, 1888, in the office of the clerk of Oswego county, denying a motion to vacate an alternative writ of *mandamus* issued upon an order granted herein on the 31st day of December, 1887, by a justice of the Supreme Court, at an adjourned Special Term of the Supreme Court, held at the justice's chambers in the city of Oswego on that day.

*H. D. Nutting*, for the appellant.

*Mead & Stranahan*, for the respondent.

106   PEOPLE ex rel. FULTON *v*. SUPRS. OF OSWEGO.

FOURTH DEPARTMENT, NOVEMBER TERM, 1888.

MARTIN, J.:

This was an appeal from an order denying the appellant's motion to vacate and set aside an alternative writ of *mandamus*, issued upon an order made at an adjourned Special Term of this court, held in the county of Oswego. The motion was based on the grounds: " 1. That the papers herein were served on a half-holiday.. 2. That the writ or order of *mandamus* herein was applied for, made and granted at an adjourned Special Term of this court. 3. The *mandamus* herein was not, and a *mandamus* is not, the relator's proper remedy. 4. The relator had another legal remedy."

The writ required the appellant to vacate the former audit of the relator's claim, and audit, allow, provide for the payment and pay the claim of the relator in full, or to show cause to the contrary, etc. It does not appear that any return or demurrer to this writ has been filed.

One of the questions presented is, whether the appellant could, upon a motion to set aside the relator's writ, avail itself of the objection that *mandamus* was not the relator's proper remedy, or that it had another legal remedy. Section 2075 of the Code of Civil Procedure provides: " An alternative writ of *mandamus* cannot be quashed or set aside, upon motion, for any matter involving the merits." This is the mandate of the statute. The question presented by these two grounds of the appellant's motion was, whether, upon the facts stated in the writ, the relator was entitled to the relief demanded. That question involved the merits of this action. Whether *mandamus* was a proper remedy, and whether the relator had another legal remedy, were, we think, questions that should have been raised by a return to the writ, or by a demurrer, as provided for by section 2076 of the Code of Civil Procedure, and not by motion.

This leads us to examine the other grounds of this motion. First, then, should the writ have been vacated because the papers and writ were served on Saturday after twelve o'clock noon ? The statute (Laws 1887, chap. 289, amending chapter 27, Laws 1875, as amended by chapter 30, Laws 1881) which makes Saturday afternoon a half-holiday, provides: " The days and half-days aforesaid shall be considered as the first day of the week, commonly called Sunday, and as public holidays or half-holidays, for all pur-

poses whatsoever, as *regards the transactions of business in the public offices of this State, or counties of this State.*" In the case of *The People* v. *Kearney* (47 Hun, 129) this court had occasion to examine that statute, and it was there held that the statute did not prohibit the holding of courts on Saturday afternoon. As was said in that case, this provision is a limited one, it relates only to the transaction of business *in* the public offices of the State and counties. Surely the service of the papers in this case cannot be regarded as the transaction of business *in* a public office of the State or in a public office of the county. We do not think the language of this statute broad enough to prevent the service of process or papers on Saturday after twelve o'clock noon, nor do we think such was its purpose or intent. (*Nichols* v. *Kelsey* 13 Civ. Pro. R., 154; *Fries* v. *Coar*, Id., 152.)

This leaves for consideration only the question whether the writ could be properly granted at an adjourned Special Term of this court. That the term at which this writ was granted was regularly adjourned as provided for by section 239 of the Code of Civil Procedure, and that it existed as a regularly adjourned Special Term, is not questioned. *In the Matter of Wadley* (29 Hun, 12) it was held that *ex parte* motions might, of course, be heard at terms adjourned to a judge's chambers, but that contested motions requiring notice could not. That a motion which can be properly made at any Special Term can, where no notice is required, be made at a properly adjourned Special Term, we have no doubt. An alternative writ of *mandamus*, except when special provision is otherwise made, can only be granted at a Special Term. (Code Civil Pro., § 2068.) But it may be granted with or without notice as the court thinks proper. (Sec. 2067.) The writ in this case was granted without notice, and hence could be properly granted at an adjourned term.

We are of the opinion that the appellant's motion was properly denied, and that the order appealed from should be affirmed.

Order affirmed, with ten dollars costs and printing disbursements.

